UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED
JUN 20 2024
Nathan Ochsner, Clerk of Court

| | |
|---|---|
| QUAWNTINA GREENE, individually and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>SITEMETRIC, LLC<br><br>Defendant. | Case No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Quawntina Greene, individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1. This is a Fair Labor Standards Act (FLSA) collective action and a Rule 23 class action brought to remedy Defendant Sitemetric, LLC's (hereafter "Sitemetric") unlawful misclassification of employees as independent contractors, and resultant failure to pay Plaintiffs overtime premium pay pursuant to the FLSA and wages as provided by the state laws of Ohio, Oregon, Virginia, Washington, and any other state where there are sufficient current and former Sitemetric workers to certify a class.

2. Plaintiffs seek unpaid overtime wages, statutory damages, liquidated damages, costs and attorneys' fees as well as declaratory relief under the FLSA, 29 U.S.C. §201 *et seq.*;

3. Plaintiffs also seek unpaid wages, including overtime wages, statutory damages, costs and attorneys' fees as well as declaratory relief under the state laws listed below:

    a. Ohio Minimum Fair Wage Standards, Ohio Rev. Code Ann. § 4111.01 *et seq.*, and the supporting regulations, including Ohio Admin. Code Ch. 4101:9-1 *et seq.*, and Ohio Prompt Payment Law, Ohio Rev. Code Ann. § 4113.15;

    b. Oregon Labor and Employment Law, Or. Rev. Code Ann. § 653.010 *et seq.*, and implementing regulations, including Or. Admin. R. § 839-020-0004 *et seq;*

    c. Virginia Overtime Law, Va. Code § 40.1-29.2 and -29.3, Virginia's Wage Payment statute, Va. Code § 40.1-29, and Virginia's statute prohibiting misclassification of workers, Va. Code § 40.1-28.7:7;

    d. Washington Minimum Wage Act. R.C.W. 49.46.005, *et seq.*, and Washington Minimum Wage Rules, WAC 296-126 *et seq.*;

    e. The state wage and hour laws of any other applicable states.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

5. This Court has supplemental jurisdiction over any state claim raised by virtue of 28 U.S.C. §§ 1332, 1367(a).

6. The Court has personal jurisdiction over Defendant Sitemetric, as Defendant is headquartered in the district and has consented to filing in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) because a substantial part of the events, acts, or omissions giving rise to the claims occurred in this District and because Defendant Sitemetric is Headquartered in this District.

## PARTIES

### A. Plaintiffs

8. Plaintiff Quawntina Greene is a citizen and resident of Virginia.

9. Plaintiff Greene worked for Sitemetric as an Access Control Officer from approximately May 2023 through August 2023.

10. Although Sitemetric classified Plaintiff Greene as an "independent contractor," she was at all times an employee of Sitemetric.

11. Plaintiff was engaged in commerce while working for Defendant.

12. The term "Plaintiffs" as used in this complaint refers to the named Plaintiff, any additional represented parties pursuant to the collective action provision of 29 U.S.C. §216(b), and to such members of the class brought pursuant to Fed. R. Civ. P. Rule 23, as described below, individually, collectively, or in any combination.

### B. Represented Parties under the FLSA

13. The Named Plaintiff brings this case as a FLSA collective action for class members consisting of "all workers who Sitemetric classified as independent contractors and that billed work time through the When I work software" within the three years of April 29, 2024 and until the date of final judgment in this matter.

14. Pursuant to the Parties' stipulation the Fair Labor Standards Act and state wage and hour claims are tolled as of April 29, 2024.

15. The collective action class consists of individuals who worked for Sitemetric anywhere in the United States.

### C. Class Plaintiffs under State Wage and Hour Laws

16. The Named Plaintiff brings this case as a Rule 23 Class Action for class members consisting of "all workers who Sitemetric classified as independent contractors and that billed work time through the When I work software" within the applicable statute of limitations period and until the date of final judgment in this matter under the laws of the

states where there are sufficient current and former Sitemetric workers to certify a class,, including but not limited to Ohio, Oregon, Virginia, and Washington.

17. Although the precise number of such persons is unknown, and the facts upon which that number can be calculated are presently within the sole control of the Defendant, upon information and belief, the class is composed of hundreds of individuals, with at least 40 individuals each in Ohio, Oregon, Virginia, and Washington.

18. There are questions of law and fact common to the class, including but not limited to:

   a. Whether the Plaintiffs were misclassified as independent contractors;

   b. Whether Plaintiffs were paid for all hours worked;

   c. Whether Plaintiffs were reimbursed for business expenses they incurred on Sitemetric's behalf;

   d. Whether the Plaintiffs were entitled to premium pay at the rate of time and one-half the regular rate for all hours worked over 40 in a workweek;

   e. Whether Defendant failed to pay Plaintiffs for breaks of less than 30 minutes;

   f. Whether bonuses should be included in the regular rate of pay for overtime premium pay purposes; and

   g. Whether Defendant suffered or permitted Plaintiffs to perform overtime work without paying time and one-half premium pay.

19. The claims of the Named Plaintiff are typical of the claims of the class. All of the class members were subject to the same corporate policies and practices of Defendant.

20. Plaintiff Greene will fairly and adequately represent and protect the interests of the Class. She understands that, as a class representative, she assumes fiduciary responsibility to the Class to represent its interests fairly and adequately. Plaintiff Greene recognizes that as class representative, she must represent and consider the interests of the Class just as he would represent and consider his own interests. She understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Class. She recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the interests of the Class. Plaintiff Greene understands that to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing information and any relevant documentary material in his possession, and testify, if required, in a deposition and at trial.

21. Plaintiff Greene has retained counsel competent and experienced in complex class action employment litigation.

22. Common questions of law or fact predominate over individual questions and a class action is superior to other methods for the fair and efficient adjudication of the controversy.

### D.   Defendant

29. Sitemetric is headquartered in Houston, Texas. It lists its business address as 4265 San Felipe St. Site 1100, Houston, Texas, 77027.

30. Sitemetric is in the business of monitoring who is on its customers' construction sites. Sitemetric provides the technology and personnel to monitor who is on a construction site at any given time.

31. Sitemetric provides its services nationwide, including in Arizona, California, Minnesota, Nevada, New York, New Jersey, Ohio, Oregon, Pennsylvania, Virginia, and Washington.

32. Upon information and belief, Defendant grossed more than $500,000 in each of the past three fiscal years.

33. Defendant operates an enterprise engaged in commerce within the meaning of the FLSA.

## FACTS

34. Plaintiff Quawntina Greene worked for Sitemetric as an Onsite Data Control Officer in Virginia from approximately May 2023 to August 2023. Onsite Data Control Officers may also be called Access Control Officers.

35. Sitemetric misclassified Plaintiffs, including Named Plaintiff Greene, as independent contractors even though they were employees under Federal and applicable state law.

36. Sitemetric classified Onsite Data and Access Control Officers, their supervisors, regional managers, recruiters, data service workers, project managers, human resource personnel, and other employees as independent contractors.

37. Plaintiff and other Access Control Officers' job duties include verifying the badges of all personnel entering a company's facility through the construction gate; establishing and maintaining a daily badge log documenting all personnel entering the facility and the time of such person's entry through the construction gate; and compiling appropriate daily safety orientation information of attending personnel and register that information into the company's platform.

38. Plaintiffs were economically dependent on Sitemetric. For example, while Named Plaintiff Greene worked at Sitemetric, it was her only job. Many other Plaintiffs also relied on Sitemetric for their income.

39. Plaintiffs were subject to a high degree of control by Sitemetric when working. For example, Sitemetric scheduled Named Plaintiff Greene and other Access Control Officers for shifts and decided their hours. Plaintiffs were required to "clock in" when they began work and "clock out" when they stopped work, and Sitemetric closely monitored Plaintiffs' work to ensure they complied with company policies and procedures.

40. Plaintiffs did not have an opportunity for profit or loss based on their managerial skill. Sitemetric paid Plaintiffs by the hour, and in the case of Named Plaintiff Greene Sitemetric paid her $20 per hour. The money Plaintiffs made was entirely dependent on the number of hours they worked. Plaintiffs could not scale a "business," hire more workers to perform their work, or outsource the work.

41. Plaintiffs did not need any special skills to perform their work. For example, the job of Access Control Officer does not require a special degree, license, or high level of education. Similarly, many other positions Sitemetric classified as independent contractors did not require special skills.

42. Plaintiffs did not invest any money in equipment or materials. For example, Sitemetric provided Access Control Officers with all necessary equipment including a scanner, badges, an iPad, a safety vest with Sitemetric's logo, a hard hat with Sitemetric logo, safety glasses, and gloves.

43. Plaintiffs' working relationship with Sitemetric was a long-term arrangement. For example, Plaintiffs signed Sitemetric's contract that expected Plaintiffs to work for it for at least one year, after which the contracts automatically renewed.

44. Plaintiffs' work was integral to Sitemetric's business. They provided the essential services that Sitemetric provided to its customers. For example, Named Plaintiff Greene's job was to ensure that the construction site personnel complied with the access requirements.

45. Plaintiffs regularly worked more than 40 hours per week for Sitemetric.

46. Named Plaintiff Greene worked an average of approximately 45 hours in a week for Sitemetric, and in the week ending on June 3, 2023, she worked more than 65 hours.

47. Sitemetric knew or should have known that Plaintiffs were regularly working more than 40 hours per workweek. Indeed, Sitemetric tracked the hours Plaintiffs worked.

48. Sitemetric regularly scheduled Plaintiffs to work more than 40 hours per workweek.

49. Plaintiffs regularly recorded working more than 40 hours in a workweek in the official timekeeping software provided by Sitemetric.

50. Sitemetric failed to pay Plaintiffs overtime compensation at the rate of time and one-half for all hours worked over 40 in a workweek. Instead, it paid Plaintiffs their hourly rate for each hour worked and recorded in a workweek, even if it resulted in work over 40 hours.

51. As a matter of practice, Sitemetric does not pay overtime premium compensation to any hourly workers.

52. Sitemetric failed to pay for all hours worked. For example, when Plaintiffs clocked out for any amount of time less than 30 minutes, Sitemetric failed to pay Plaintiffs for the time between clock-out and clock-in.

53. Sitemetric's failure to pay Plaintiffs the proper wages required by law was willful.

54. All actions and omissions described in this complaint were made by Sitemetric directly or through its supervisory employees and agents.

## FIRST CAUSE OF ACTION
## (FLSA OVERTIME)

55. At all relevant times, Plaintiffs were employees of the Defendant under the FLSA.

56. At all relevant times, Defendant misclassified Plaintiffs as independent contractors.

57. As a result, Defendant failed to pay premium overtime wages to Plaintiffs in violation of the Fair Labor Standards Act, 29 U.S.C. §203, 207 *et seq.* and its implementing regulations.

58. Defendant's failure to comply with the FLSA caused Plaintiffs to suffer loss of wages and interest thereon.

59. Defendant's failure to pay proper premium overtime wages for each hour worked over 40 per week was willful within the meaning of 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
## (VIOLATION OF APPLICABLE STATE OVERTIME LAWS)

60. Defendant failed to pay premium overtime wages to the Named Plaintiff, other workers who participate in the case, and Class Members in violation of applicable state overtime laws, including in Oregon, Or. Rev. Stat. Ann. § 653.261, Or. Admin. R. 839-

020-0030; Virginia, Va. Code Ann. § 40.1-29.3; and Washington, Wash. Rev. Code Ann. § 49.46.130.

61.     Defendant's failure to pay premium overtime wages for each hour worked over the applicable state overtime threshold per day or week was willful within the meaning of applicable state laws.

62.     Defendant's failure to comply with state overtime laws caused Plaintiff and Class Members to suffer loss of wages and interest thereon.

### THIRD CAUSE OF ACTION
### (VIOLATION OF APPLICABLE STATE WAGE PAYMENT LAWS)

63.     Defendant failed to pay full and timely wages to the Named Plaintiff, other workers who participate in the case, and Class Members in violation of applicable state wage payment laws, including in Ohio, Ohio Rev. Code Ann. § 4113.15; Oregon, Or. Rev. Stat. Ann. §§ 652.120, 652.140; Virginia, Va. Code Ann. § 40.1-29; and Washington, Wash. Rev. Code Ann. §§ 49.48.010, 49.52.050.

64.     Defendant's failure to pay full and timely wages was willful within the meaning of applicable state laws.

65.     Defendant's failure to comply with state wage payment laws caused Plaintiffs and Class Members to suffer loss of wages and interest thereon.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF VIRGINIA MISCLASSIFICATION LAW)

66.     Defendant failed to accurately classify Plaintiff and Class Members as Employees in violation of Virginia state classification law, Va. Code § 40.1-28.7:7.

67.     Defendant's failure to correctly classify employees was willful within the meaning of Virginia state law.

68. Defendant's failure to comply with state employee classification laws caused Plaintiffs and Class Members to suffer loss of wages and other employment benefits and interest thereon.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter an order:

A. Certifying this action as a collective and class action under § 216 (b) of the FLSA and Rule 23(b)(3);

B. Ordering notice to the putative class members at the earliest opportunity to ensure class members' claims are not lost to the State and Federal statute of limitations;

C. Designating Plaintiff as the Class Representative;

D. Designating the undersigned counsel as Class Counsel;

E. Entering a declaratory judgment that the practices complained of herein are unlawful;

F. Declaring that the Defendant violated the Fair Labor Standards Act and the wage and hour laws of Ohio, Oregon, Virginia, Washington, and any other states where there are sufficient current and former Sitemetric workers to certify a class;

G. Declaring that the Defendant's violations of overtime protections were willful;

H. Granting judgment to the Plaintiffs for their claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in

liquidated damages and awarding the Plaintiffs' costs and reasonable attorneys' fees;

I. Granting appropriate equitable and injunctive relief to remedy Sitemetric's violations of state law, including but not necessarily limited to an order enjoining Sitemetric from continuing its unlawful practices;

J. Granting judgment to the Plaintiffs for their claims of unpaid wages pursuant to state overtime, wage payment, and misclassification laws as well as any other damages dictated by state law and awarding the Plaintiffs' costs and reasonable attorneys' fees; and

L. Granting such further relief as the Court finds just.

Dated: June 17, 2024

Respectfully Submitted,

/s/ Matt Dunn

Matt Dunn, Esq.
GETMAN, SWEENEY & DUNN, PLLC
Matt Dunn (*Pro Hac Vice application filed with complaint*)
Whitney Flanagan, Esq. (*Pro Hac Vice application filed with complaint*)
260 Fair St.
Kingston NY 12401
Tel: (845) 255-9370
Fax: (845)255-8649
mdunn@getmansweeney.com
wflanagan@getmansweeney.com

## CONSENT TO SUE

I worked for Sitemetric, LLC, and any other associated Defendants, within the past three years, was classified as an independent contractor, worked more than 40 hours in a workweek, and did not receive overtime compensation at the rate of time and one-half for all hours worked over 40. I understand that the lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. I hereby consent, agree, and "opt in" to the action, which will be filed in the U.S. District Court for the Southern District of Texas, to pursue my claims arising out my employment with Defendant, and any associated parties or joint employers, and to be bound by any judgment by the Court or any settlement of this action. I understand that I am opting in for the purposes of a potential settlement, and that if the settlement is unsuccessful, Sitemetric may seek to enforce any arbitration agreement I signed.

I hereby designate Getman, Sweeney & Dunn, PLLC, 260 Fair Street, Kingston, NY 12401, along with any associated law firms, to represent me for all purposes in this action. By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys without prepayment of costs or attorneys' fees. I understand that if Plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment amount on a pro rata basis with all other Plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs to be paid by Defendant on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the Defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

I also designate the Named Plaintiff in the action as my agent to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, and all other matters pertaining to this lawsuit.

Date: **May 29, 2024**

Signature _____
Quawntina Greene (May 29, 2024 12:30 EDT)

Print Name   Quawntina Greene

To be considered for representation, send the completed form to Getman, Sweeney & Dunn, PLLC, 260 Fair Street, Kingston, NY 12401, or send it by fax to (866) 543-9619 or (845) 255-8649, or e-mail it to sitemetric@getmansweeney.com. This Consent to Sue is not valid and effective until you have received a notification from Plaintiffs' Counsel indicating that it has been filed. If you have not received a notification within 3 weeks from your transmission of the form to us, you must contact us by phone at (845) 255-9370.

# GETMAN, SWEENEY & DUNN, PLLC

Attorneys at Law
260 Fair Street
Kingston, N.Y. 12401
845-255-9370
fax 845-255-8649

June 17, 2024

Nathan Ochsner
Clerk of Court
P. O. Box 61010
Houston, TX 77208

*United States Courts*
*Southern District of Texas*
**FILED**
*JUN 20 2024*
*Nathan Ochsner, Clerk of Court*

Re: Greene v. Sitemetric (New Case)

Dear Ms. Ochsner,

Please find the enclosed Complaint, Civil Cover Sheet and Summons for filing as well as PHV applications and Order of attorneys Matthew T. Dunn and Whitney Flanagan. Also included are (3) checks for each filing.

Feel free to contact me if you have any questions.

Thank you,

Aníbal R. García
Paralegal