United States District Court
Southern District of Texas

**ENTERED**

February 25, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| QUAWNTINA GREENE, individually and on behalf of all other similarly situated persons, <br><br> Plaintiffs, <br><br> vs. <br><br> SITEMETRIC, LLC <br><br> Defendant. | § § § § § § § § § § § | Case No. 4:24-CV-02326 |

### ORDER PROVISIONALLY CERTIFYING SETTLEMENT CLASSES, GRANTING THE PARTIES' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT, AND OTHER RELIEF

WHEREAS, the above-captioned Federal Rule of Civil Procedure 23 class and Fair Labor Standards Act collective action (the "Action") is pending before this Court;

WHEREAS, the Court has reviewed the Settlement Agreement dated January 20, 2025 (the "Agreement"), which has been entered into by and among Quawntina Greene (the "Named Plaintiff"), individually and on behalf of the classes of individuals she represents (the "Class Members," and collectively referred to with the Named Plaintiff as the "Plaintiffs") and Sitemetric, LLC ("Sitemetric" or "Defendant"); and,

WHEREAS, the Agreement sets forth the terms and conditions for a settlement and dismissal of the Action, including all defined terms used herein; and,

WHEREAS, the Parties have made an application pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement Agreement, including provisionally certifying for settlement purposes a class under Federal Rule of Civil Procedure 23 and a collective under the Fair Labor Standards Act, and the Court, having read and considered

1

the Agreement and submissions made relating to the Settlement;

NOW THEREFORE IT IS HEREBY ORDERED that:

**A.     Definition of Settlement Rule 23 Class**

1.      Except as otherwise specified herein, for purposes of this Order, the Court adopts the definitions of all capitalized terms used herein as set forth in the Settlement Agreement.

2.      The Parties have entered into the Settlement Agreement solely for the purposes of compromising and settling their disputes in this matter. As part of the Agreement, Defendant has consented to, for settlement purposes only, provisional certification under Federal Rule of Civil Procedure 23(a) and 23(b)(3) of the state law settlement class:

> All workers who Sitemetric classified as independent contractors and that billed work time through the "When I Work" software and worked more than 40 hours in a workweek within the applicable statute of limitations period under the state laws of Ohio, Oregon, Virgina, and Washington, who were agreed by the Parties as part of the class at the time of the execution of the Settlement Agreement and whose employee IDs are listed in Exhibit 2 of the Settlement Agreement.

3.      If Final Approval is granted, all Class Members, with the exception of Class Members who opt out, shall be covered by the terms of the Settlement Agreement. The Named Plaintiff and Class Members who do not opt-out, regardless of whether they sign, endorse, deposit, cash or negotiate a Settlement Check or object to the Settlement, shall be bound by the release contained in the Agreement.

**B.     Rule 23 Certification**

4.      Preliminary settlement approval, provisional class certification, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all class members are notified of the terms of the proposed Agreement, and setting the date and time of the final approval hearing. Fed. R. Civ. P. 23(e)(1).

5.      In examining potential provisional certification of the settlement class, the Court has considered: (1) the allegations, information, arguments and authorities cited in the Plaintiffs' Unopposed Motion for Preliminary Approval and supporting memorandum and declarations; (2) the allegations, provided by the Plaintiffs in connection with the Complaint filed in this case; (3) Defendant's conditional agreement to consent to provisional certification of the settlement class specified in the Settlement Agreement; (4) the terms of the Settlement Agreement, including, but not limited to, the definition of the settlement class specified in the Settlement Agreement; and (5) the elimination of the need, on account of the Settlement, for the Court to consider any trial manageability issues that might otherwise bear on the propriety of class certification.

6.      This Court finds (exclusively for the present purposes of evaluating the Settlement) that Plaintiffs meet all the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). As required under Rule 23(a), Plaintiffs have demonstrated that their class is sufficiently numerous, that there are common issues across the class, that the Named Plaintiff's claims are typical of the class, and that the Named Plaintiff and her attorneys would be effective Class Representatives and Class Counsel, respectively. The Court also finds that the common issues identified by Plaintiffs predominate over any individual issues in the case such that class action is superior in this context to other modes of litigating this dispute. Because the class certification request is made in the context of settlement only, the Court need not address the issue of manageability. The Court therefore concludes that the purported Classes satisfy the elements of Rule 23(b)(3). Accordingly, pursuant to Rule 23(c) and (e), the Court certifies these Classes for the purposes of settlement, notice and award distribution only.

C.      **Appointment of Class Representative and Class Counsel**

3

7.      By foregoing her right to settle her claims through arbitration, participating in the
settlement process, advocating for a nationwide group of workers to recover unpaid wages, and
filing a complaint on the public docket, the Court finds that the Named Plaintiff has diligently
represented the interests of the Class, and will continue to do so.

8.      Named Plaintiff Quawntina Greene is therefore appointed as representative of the
Class.

9.      The Court finds that Plaintiffs' Counsel are skilled and experienced in wage and
hour litigation, and their competency and professionalism has been regularly recognized by
district courts across the country.

10.      Matt Dunn, Esq. and Whitney Flanagan, Esq. of Getman, Sweeney & Dunn,
PLLC are therefore appointed as class counsel for the Class ("Class Counsel").

**D.      Preliminary Approval of Settlement**

11.      Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support
of Unopposed Motion for Preliminary Approval of Settlement, the Declaration of Matt Dunn,
and all other papers submitted in connection with the Preliminary Approval Motion, the Court
grants preliminary approval of the Settlement memorialized in the Settlement Agreement.

12.      The Court preliminarily finds that the Settlement is fair and reasonable, including
the proposed attorneys' fees and costs and the proposed Service Award.

13.      The Court finds based on the papers submitted that the Settlement was negotiated
at arm's length and was not collusive. The Court further finds that Class Counsel and
Sitemetric's Counsel were fully informed about the strengths and weaknesses of the case when
they entered into the Agreement.

14.    The Court also finds that the proposed plan of allocation is rationally related to

the relative strengths and weaknesses of the respective claims asserted and is within the range of

possible approval such that Class Notice is appropriate.

The Court also finds that the Settlement is a reasonable resolution of a bona fide dispute.

15.    Accordingly, the Court grants preliminary approval to the Settlement Agreement

and the plan of allocation as fair, reasonable, and adequate.

## E.    Certification of the FLSA Collective for Settlement

16.    As part of the Agreement, Defendant has consented to, for settlement purposes

only, provisional certification of the FLSA settlement class:

> All workers who Sitemetric classified as independent contractors and that billed work
> time through the "When I Work" software and worked more than 40 hours in a
> workweek on or after April 29, 2020 , who were agreed by the Parties as part of the class
> at the time of the execution of the Settlement Agreement and whose employee IDs are
> listed in Exhibits 1, 2, and 4 of the Settlement Agreement.

17.    This Court finds (exclusively for the present purposes of evaluating the

Settlement) that Plaintiffs meet all the requirements for certification under the FLSA because the

parties are similarly situated. Accordingly, the Court grants certification of the FLSA collective

under 29 U.S.C. § 216(b) for settlement purposes only.

## F.    Final Fairness Hearing

18.    The final fairness proceeding shall be held on June 1, 2025 at 10 :00 [a.m. p.m.] to

determine whether to grant Final Approval to the Agreement. At the Fairness Hearing, the Court

also will consider any petition that may be filed for the payment of attorneys' fees and

costs/expenses to Class Counsel and any Service Awards to be made to the Named Plaintiff. Not

later than ten (10) days before the Fairness Hearing, Plaintiffs will submit an Unopposed Motion

for Judgment and Final Approval, and Class Counsel will submit a motion for an award of attorneys' fees and reimbursement of costs/expenses and for Service Awards.

**G.    Approval of Form and Manner of Class Notice**

19.    The Court finds that the form and methods set forth in the Parties' Preliminary Approval Motion of notifying Class Members, Putative Plaintiffs, and Opt-Ins of the Settlement and its terms and conditions meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act. The form and methods set forth in the Parties' Preliminary Approval Motion constitute the best notice practicable under the circumstances and the detailed information in the Class Notice, Putative Plaintiff Notice, and Opt-In Notice is adequate to put Class Members, Putative Plaintiffs, and Opt-Ins on notice of the Settlement. Accordingly, the Court approves, as to form and content, the Class Notice (Exhibit 8 to the Agreement), the Putative Plaintiff Notice (Exhibit 7 to the Agreement), and the Opt-In Notice (Exhibit 9 to the Agreement).

20.    The Court Orders that any Opt-Ins, Putative Plaintiffs, and Class Members who wish to be excluded from the Settlement must send an Opt-out Statement to the Settlement Administrator, via First Class U.S. mail, and be postmarked no later than sixty (60) calendar days after the Settlement Administrator mails the Settlement Forms.

21.    The Court further Orders that Participating Plaintiffs who wish to present objections to the Settlement at the Fairness Hearing must first do so in writing. To be effective, a written objection must be sent to the Settlement Administrator via First Class U.S. mail, postmarked no later than sixty (60) calendar days after the Settlement Administrator mails the Settlement Forms. In addition, no objection will be effective if not received by the Settlement Administrator prior to twenty (20) days before the Fairness Hearing. Either Party may file with

6

the Court written responses to any objections by no later than ten (10) days before the Fairness

Hearing or by such other deadline as set by the Court, or may elect to respond to such objections

in the motion and brief in support of final approval, or orally at the Fairness Hearing.

## H.    Settlement Administrator

22.    The Court authorizes ILYM Group, Inc. to act as Settlement Administrator as

stipulated and detailed in the Settlement Agreement and authorizes the Parties to insert

appropriate contact information in the Notice package.

Honorable Andrew S. Hanan    2|25/25
United States District Judge