# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| QUAWNTINA GREENE, individually and on behalf of all other similarly situated persons, | § § § | |
| | § | Case No. 4:24-CV-02326 |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| SITEMETRIC, LLC | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARD

## <u>TABLE OF CONTENTS</u>

STATEMENT OF NATURE AND STAGE OF THE PROCEEDING........................................ 1

FACTUAL AND PROCEDURAL BACKGROUND................................................................. 2

SETTLEMENT TERMS ........................................................................................................... 2

SUMMARY OF ARGUMENT ................................................................................................. 3

ARGUMENT ............................................................................................................................ 4

    I.      CLASS COUNSEL'S REQUEST FOR ATTORNEYS' FEES IS
            REASONABLE.............................................................................................. 4

        A.    The Court Should Apply the Percentage Method for Calculating
              Reasonable Attorneys' Fees.................................................................... 4

        B.    The Percent Requested Is Reasonable ................................................... 6

        C.    The *Johnson* Factors Support the Reasonableness of the Requested
              Attorneys' Fees ...................................................................................... 6

        D.    The Lodestar Cross-Check Further Supports Class Counsel's Fee
              Request................................................................................................. 12

    II.     CLASS COUNSEL'S REQUEST FOR REIMBURSEMENT OF
            LITIGATION EXPENSES SHOULD BE GRANTED ............................................ 14

    III.    THE REQUESTED SERVICE AWARD IS REASONABLE AND FAIR.............. 15

CONCLUSION....................................................................................................................... 18

## **TABLE OF AUTHORITIES**

**Cases**

*Amoko v. N&C, et al.*,
    3:20-CV-04346, Dkt. 130 (D.S.C. Feb. 23, 2023)....................................................11

*In re Apache Corp. Sec. Litig.*,
    4:21-CV-00575, 2024 U.S. Dist. LEXIS 213766 (S.D. Tex. Nov. 25, 2024) ..........5

*Brumley v. Camin Cargo Control, Inc.*,
    08-CV-1798 (JLL), 2012 U.S. Dist. LEXIS 40599 (D.N.J. Mar. 26, 2012) ..........11

*Burnett v. CallCore Media, Inc.*,
    4:21-CV-03176, 2024 U.S. Dist. LEXIS 112165 (S.D. Tex. June 25, 2024)..........9

*Camp v. Progressive Corp.*,
    01-CV-2680, 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sep. 23, 2004)....................8

*Celeste v. Intrusion Inc.*,
    4:21-CV-307-SDJ, 2022 U.S. Dist. LEXIS 226841 (E.D. Tex. Dec. 16, 2022) .................5, 7

*In re Chesapeake Energy Corp.*,
    H-21-1215, 2021 U.S. Dist. LEXIS 158564 (S.D. Tex. Aug. 23, 2021)..................2

*In re Combustion, Inc.*,
    968 F. Supp. 1116 (W.D. La. 1997).....................................................................13

*Cook v. Flight Servs. & Sys.*,
    2:16-CV-15759, 2019 U.S. Dist. LEXIS 99129 (E.D. La. June 13, 2019)............15

*DeHoyos v. Allstate Corp.*,
    240 F.R.D. 269 (W.D. Tex. 2007) ........................................................................14

*Di Giacomo v. Plains All Am. Pipeline*,
    H-99-CV-4137, 2001 U.S. Dist. LEXIS 25532 (S.D. Tex. Dec. 19, 2001)............13

*In re Heartland Payment Sys.*,
    851 F. Supp. 2d 1040 (S.D. Tex. 2012) ...............................................................15

*Humphrey v. United Way of Tex. Gulf Coast*,
    802 F. Supp. 2d 847 (S.D. Tex. 2011) ...............................................................2, 15

*Islamic Ctr. v. Starkville*,
    876 F.2d 465 (5th Cir. 1989) ...............................................................................13

*Jasso v. HC Carriers*, *LLC*,
5:20-CV-212, 2022 U.S. Dist. LEXIS 207043 (S.D. Tex. Oct. 19, 2022) ..................... *passim*

*Jenkins v. Trustmark Nat'l Bank*,
300 F.R.D. 291 (S.D. Miss. 2014) ............................................................6

*Johnson v. Georgia Highway Express, Inc.*,
488 F.2d 714 (5th Cir. 1974*)* ...................................................4, 5, 6, 7

*Johnson v. Sw. Research Inst.*,
5:15-297, 2019 U.S. Dist. LEXIS 144244 (W.D. Tex. Aug. 23, 2019)..................................14

*Jones v. JGC Dall. LLC*,
3:11-CV-2743-O, 2014 U.S. Dist. LEXIS 177326 (N.D. Tex. Dec. 24, 2014)........................6

*Kemp v. Unum Life Ins. Co. of Am.*,
14-CV-0944, 2015 U.S. Dist. LEXIS 166164 (E.D. La. Dec. 11, 2015)................................8

*King v. United SA Fed. Credit Union*,
744 F. Supp. 2d 607 (W.D. Tex. 2010)................................................12

*Lee v. Metrocare Servs.*,
3:13-CV-2349-O, 2015 U.S. Dist. LEXIS 194001 (N.D. Tex. July 1, 2015)...................16, 17

*Odonnell v. Harris County*,
H-16-1414, 2019 U.S. Dist. LEXIS 151159 (S.D. Tex. Sep. 5, 2019)...............................2, 14

*Plunkett v. Firstkey Homes LLC*,
3:23-CV-2684-L-BN, 2024 U.S. Dist. LEXIS 224946 (N.D. Tex. Nov. 21,
2024) .......................................................................... *passim*

*Roberts v. Baptist Healthcare Sys.*,
LLC, 1:20-CV-00092-MAC, 2023 U.S. Dist. LEXIS 126913 (E.D. Tex. June
29, 2023) ..................................................................................17

*Roseman v. Bloomberg L.P.*,
1:14-CV-02657 (DLC)(KNF) (S.D.N.Y. Oct. 15, 2018) .....................................11

*Sarabia v. Spitzer Indus., Inc.*,
4:17-CV-2092, 2018 U.S. Dist. LEXIS 197062 (S.D. Tex. Nov. 19, 2018) ..........................6

*Schwartz v. TXU Corp.*,
3:02-CV-2243-K, 2005 U.S. Dist. LEXIS 27077 (N.D. Tex. Nov. 8, 2005) .........................10

*Shaw v. CAS, Inc.*,
5:17-CV-142, 2018 U.S. Dist. LEXIS 136394 (S.D. Tex. Jan. 31, 2018)..............................18

*Singer v. City of Waco*,
  Tex., 324 F.3d 813 (5th Cir. 2003) ...................................................................10

*Strong v. BellSouth Telcoms*,
  137 F.3d 844 (5th Cir. 1998) .......................................................................... 2

*Swales v. KLLM Transp. Servs., LLC*,
  985 F.3d 430 (5th Cir. 2021) ........................................................................ 8

*Union Asset Mgmt. Holding A.G. v. Dell*, *Inc.*,
  669 F.3d 632 (5th Cir. 2012) ................................................................... 2, 4, 5

*Valdez v. Superior Energy Servs. Inc.*,
  2:15-CV-00144, 2019 U.S. Dist. LEXIS 248904 (S.D. Tex. Nov. 7, 2019) ......................... 18

**Statutes**

29 U.S.C. § 216(b) ........................................................................... 2, 4, 14

Fair Labor Standards Act, 29 U.S.C. § 201 et seq ................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 23 .......................................................................... *passim*

**STATEMENT OF NATURE AND STAGE OF THE PROCEEDING**

Plaintiffs respectfully move this Court for an award of attorneys' fees in the amount of one-third of the Settlement Fund and reimbursement of costs, and approval of a Service Award of $19,000 to the Named Plaintiff as set forth in the Parties' Settlement Agreement.[1] Class Counsel has diligently prosecuted this federal and state wage-and-hour class and collective action on a contingency basis and expended significant effort in the process. The Named Plaintiff provided Class Counsel with substantial assistance throughout the litigation. The extraordinary efforts of the Class Representative and Class Counsel have brought this litigation to a successful resolution and provided the 563 Participating Plaintiffs—more than 50% of the class—with an excellent recovery.

The settlement fund will make significant payments to Participating Plaintiffs. The estimated per capita settlement checks are more than ███ per worker, with the highest recovery of more than ███. In addition to the financial recovery, Sitemetric reclassified its workers as employees. Absent Class Counsel's willingness to take this case on a contingency basis despite arbitration agreements, and their considerable experience in similar class actions alleging misclassification and seeking unpaid wages, settlement would not have occurred. Results matter, and Class Counsel delivered an excellent result. For their efforts, Class Counsel seek one-third of the settlement fund as reasonable attorneys' fees.

In accordance with the Court's Preliminary Approval Order, the Settlement Administrator issued Notice of the Settlement to the Class Members, including the amounts of the requested Service Awards and Class Counsel's fees and estimated costs, and not a single Class Member

---

[1] Except as otherwise specified herein, the definitions of all capitalized terms used herein as set forth in the Settlement Agreement, Dkt. 17-2.

objected. Declaration of Makenna Snow of ILYM Group, Inc. ("ILYM Decl.") ¶¶ 14-15[2] For the reasons set forth herein, the Court should approve the requested Service Award and Class Counsel's fees and costs.

### STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

1. Should the Court permit Class Counsel to recover its unopposed attorneys' fees of one-third of the settlement? 29 U.S.C. § 216(b); Fed. R. Civ. P. 23(h); *Union Asset Mgmt. Holding A.G. v. Dell*, *Inc.*, 669 F.3d 632 (5th Cir. 2012).

2. Should the court permit recovery of Class Counsel's costs? 29 U.S.C. § 216(b); Fed. R. Civ. P. 23(h); *Odonnell v. Harris County*, H-16-1414, 2019 U.S. Dist. LEXIS 151159, at *76 (S.D. Tex. Sep. 5, 2019).

3. Should the Court approve the Service Award to Named Plaintiff as reasonable? *Humphrey v. United Way of Tex. Gulf Coast*, 802 F. Supp. 2d 847, 869 (S.D. Tex. 2011).

The standard of review is abuse of discretion. *Strong v. BellSouth Telcoms*, 137 F.3d 844, 850 (5th Cir. 1998); *In re Chesapeake Energy Corp.*, H-21-1215, 2021 U.S. Dist. LEXIS 158564, at *67 (S.D. Tex. Aug. 23, 2021).

### FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background are provided in the Memorandum in Support of Plaintiff's Unopposed Motion for Final Approval of Class Settlement and are not repeated here for efficiency.

### SETTLEMENT TERMS

Overall, the Parties settled for ███████. The Settlement Agreement for the federal court portion creates a non-reversionary fund of ████████[3] ("Settlement Amount"). Dkt. 17-2A, Settlement Agreement ("S.A.") § II. The Court preliminarily approved the Settlement Agreement,

---

[2] The Declaration of Makenna Snow of ILYM Group, Inc. was filed in support of the Motion for Final Approval of Settlement.
[3] Combined with the individual arbitration settlement, the gross settlement is ████████.

including the provisions permitting Class Counsel to request one-third of the Settlement Amount. Dkt. 19 ("Preliminary Approval Order") ¶ 12; S.A. § IV(A). The Court also provisionally approved the Settlement Agreement terms that provide a Service Awards of up to $25,000 to be paid out of the Settlement Amount to the Named Plaintiff in addition to her Settlement Shares. Preliminary Approval Order ¶ 12; S.A. § V. Upon final approval, any Court-approved Service Award, settlement administration costs, and attorneys' fees and costs will be deducted from the Settlement Amount. S.A. §§ IV(A), V. The Settlement Agreement is not contingent on the amount of attorneys' fees and costs ultimately awarded by the Court and any fees not awarded will revert to the Class. S.A. §§ IV(B). The Net Settlement Amount will be distributed to the 563 Participating Plaintiffs,[4] consisting of the Named Plaintiff, Fair Labor Standards Act ("FLSA") Collective Members, and Rule 23 class members who file a claim form. S.A. §§ I(J), X. The Net Settlement Amount available to the Participating Plaintiffs will be at least $███████. ILYM Decl, ¶ 18. The Settlement Fund will be funded and paid out to Participating Plaintiffs over the course of two years, as outlined in § X of the Settlement Agreement. There is no reversion of any of the Settlement Amount to Sitemetric. S.A. § II(E). As part of the settlement, Sitemetric reclassified its workers as employees for wage and hour purposes. S.A. § 5. A detailed recitation of additional settlement terms is set forth in the Memorandum in Support of Plaintiff's Unopposed Motion for Final Approval of Class Settlement.

## SUMMARY OF ARGUMENT

Under the FLSA and Rule 23, Plaintiffs are entitled to recover their reasonable attorneys' fees and litigation costs. The Settlement Agreement provides that Class Counsel may recover one-

---

[4] Under the Settlement Agreement, "Participating Plaintiffs" are all Opt-in Plaintiffs who do not opt-out, and Class Members and Putative Collective Members who file a valid claim form.

third of settlement fund, plus costs. Given that the amount is fair and reasonable under the percentage method, the *Johnson* factors, and when cross-checked using the lodestar method, the Court should approve the attorneys' fees. The Court should also approve Class Counsel's costs as they were necessary to the prosecution of this case, and are for expenses typically billed by attorneys to clients. Lastly, the Court should approve the voluntarily reduced Service Award to the Named Plaintiff as reasonable in light of the risks she incurred and her dedication and commitment to the Class Members in placing the interests of the Class above her own.

## ARGUMENT

## I.    CLASS COUNSEL'S REQUEST FOR ATTORNEYS' FEES IS REASONABLE

### A. The Court Should Apply the Percentage Method for Calculating Reasonable Attorneys' Fees.

Under the FLSA and the Parties' Settlement Agreement, Plaintiffs are entitled to recover reasonable fees and costs. 29 U.S.C. § 216(b); S.A. § IV. Also, under Rule 23(h), district courts have the discretion to "award reasonable attorney's fees and nontaxable costs that are authorized by law or the parties' agreement." Fed. R. Civ. P. 23(h). In common fund cases, the Fifth Circuit permits use of either the percentage method or the lodestar method for calculating reasonable attorneys' fees. *Union Asset Mgmt. Holding A.G. v. Dell*, *Inc.*, 669 F.3d 632, 642-644 (5th Cir. 2012). This Court should apply the percentage method and determine that the requested attorneys' fees are reasonable.

District courts in the circuit "have primarily applied a 'blended' percentage method to determine a reasonable fee award." *Klein v. O'Neal*, Inc., 705 F. Supp. 2d 632, 674 (N.D. Tex. 2010) (internal citation omitted). Under this method, the court will use the percentage-of-recovery method to establish a benchmark fee, and then adjust it up or down based on the twelve factors set

forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Plunkett v. Firstkey Homes LLC*, 3:23-CV-2684-L-BN, 2024 U.S. Dist. LEXIS 224946, at *17-18 (N.D. Tex. Nov. 21, 2024); *Jasso v. HC Carriers*, LLC, 5:20-CV-212, 2022 U.S. Dist. LEXIS 207043, at *5-7 (S.D. Tex. Oct. 19, 2022); *see also Dell*, 669 F.3d at 644 ("[W]e endorse the district courts' continued use of the percentage method cross-checked with the *Johnso*n factors."). Some courts will also cross-check the percentage of the fund analysis with a lodestar analysis, but it is not necessary. *Compare Plunkett*, 2024 U.S. Dist. LEXIS 224946, at 18 (performing a lodestar cross-check) *with Dell*, 669 F.3d at 644 (not requiring a lodestar crosscheck, and noting that "a *Johnson* cross-check in this Circuit may be more searching than the "lodestar crosscheck" commonly referenced in other courts.").

The advantages of the percentage method are that it "allows for easy computation, [and] it aligns the interests of class counsel with those of the class members." *Dell*, 669 F.3d at 643. "[B]ecause a counsel's fee increases with the recovery of the class, the percentage method ensures that the interests of the class are aligned with the interests of counsel." *In re Apache Corp. Sec. Litig.*, 4:21-CV-00575, 2024 U.S. Dist. LEXIS 213766, at *9 (S.D. Tex. Nov. 25, 2024). Moreover, "the percentage method disincentivizes counsel from running up their hours to increase the fee request, resulting in efficient litigation. *Id*. (internal quotation omitted). It is also relatively easy to administer, "sav[ing] valuable judicial and party resources." *Id*., quoting 5 William B. Rubenstein, Newberg and Rubenstein on Class Actions § 15:65 (6th ed. Nov. 2024).

The percentage method also recognizes "that common fund litigation is risky for counsel, on the one hand, and beneficial to the public, on the other." *Celeste v. Intrusion Inc.*, 4:21-CV-307-SDJ, 2022 U.S. Dist. LEXIS 226841, at *30 (E.D. Tex. Dec. 16, 2022). Indeed, "plaintiffs may find it difficult to obtain representation if attorneys know their reward for accepting a

contingency case is merely payment at the same rate they could obtain risk-free for hourly work, while their downside is no payment whatsoever." 605 F.3d 238, 246 (4th Cir. 2010).

### B. The Percent Requested Is Reasonable

The first step in applying the percentage method is to determine whether the benchmark is reasonable. *Plunkett*, 2024 U.S. Dist. LEXIS 224946, at *20; *Jasso*, U.S. Dist. LEXIS 207043, at *16-17. Here, the percentage of the recovery provided for in the Settlement Agreement—one third —is reasonable. "Numerous decisions have found that a one-third recovery is well within the range of a customary fee." *Jenkins v. Trustmark Nat'l Bank*, 300 F.R.D. 291, 310 (S.D. Miss. 2014) (collecting cases); *see also Jones v. JGC Dall. LLC*, 3:11-CV-2743-O, 2014 U.S. Dist. LEXIS 177326, at *8 (N.D. Tex. Dec. 24, 2014) (awarding attorneys' fees of one-third of the common fund in a FLSA collective action). District Courts in the Fifth Circuit and the Southern District of Texas routinely approve attorneys' fees of 40% or more of the gross settlement in wage and hour FLSA and Rule 23 cases like this one. *See Jasso v. HC Carriers, LLC*, 5:20-CV-212, 2022 U.S. Dist. LEXIS 207043, at *5–7 (S.D. Tex. Oct. 19, 2022) (approving attorneys' fees of 40% of the gross settlement in a combined FLSA collective action and Rule23 class action); *Sarabia v. Spitzer Indus., Inc.,* 4:17-CV-2092, 2018 U.S. Dist. LEXIS 197062, at *4 (S.D. Tex. Nov. 19, 2018) (approving attorneys' fees of 40% of the gross settlement in a FLSA class action).

### C. The *Johnson* Factors Support the Reasonableness of the Requested Attorneys' Fees

Once the Court determines that the percentage rate is a reasonable benchmark, the court "the checks this amount against a reasonableness test based on consideration of the *Johnson* factors." *Plunkett*, 2024 U.S. Dist. LEXIS 224946, at *17–18. The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time

limitations imposed by the client or the circumstances; (8) the amount involved and the results

obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the

case; (11) the nature and length of the professional relationship with the client; (11) the nature and

length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,*

488 F.2d at 717–19. "[N]ot every factor need be necessarily considered", however, and "this is

particularly so in a common fund situation" because not all the *Johnson* factors are applicable.

*Plunkett*, 2024 U.S. Dist. LEXIS 224946, at *20; *Klein,* 705 F. Supp. 2d at 674-75. Here, an

examination of the relevant *Johnson* factors supports the requested fee award.

### 1. *The Time and Labor Required*

This factor considers both the time Counsel spent on the case, and the efficiency of their

work. *Celeste,* 2022 U.S. Dist. LEXIS 226841 at *31. Class Counsel here spent significant

resources on the case, but also worked efficiently, and was able to bring this case to a resolution

in a relatively short amount of time, ensuring that the Class Members will receive payment sooner

than they otherwise would.

Class Counsel spent more than 1,250 hours litigating this action over the course of more

than a year.[5] Dunn Decl. ¶ 128. This work included extensive investigation and prosecution of the

claims, including interviewing Named Plaintiff and other Sitemetric workers; researching the legal

basis for the claims; drafting the complaint; drafting the preliminary approval motion; distributing

notice to the putative collective members following the Court's order granting conditional

certification; speaking with Class Members and answering their questions; reviewing and

analyzing Sitemetric's data production concerning Class Members' pay, and work hours; and

---

[5] Class Counsel summarizes their time in the Dunn declaration. If the Court wants the detailed
billing records, Class Counsel is willing to provide them for an *in camera* review.

engaging in extensive settlement negotiations. Dunn Decl. ¶¶ 8-20, 22-24, 70, 128. Moreover, the hours Class Counsel devoted to the case are reasonable, as evidenced by Class Counsel's efforts to work effectively. Class Counsel minimized duplication of efforts as much as possible and maximized billing judgment. Dunn Decl. ¶ 131. Following approval, Class Counsel will continue to perform work on this case throughout and after the final distribution of the Settlement, including addressing distribution issues and answering Class Members' questions. Dunn Decl. ¶ 128. Accordingly, the hours Class Counsel expended on the case weighs in favor of approving the fee award.

### 2. *The Novelty and Difficulty of the Case*

Courts in this district have recognized that "collective action cases, like this one, tend to be more difficult simply by virtue of the number of plaintiffs." *Jasso*, 2022 U.S. Dist. LEXIS 207043, at *18. And this case also involves the complexity of obtaining FLSA certification and notice under *Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430 (5th Cir. 2021). *See Plunkett*, 2024 U.S. Dist. LEXIS 224946, at *22 (finding that "the intricacies of the class and obtaining certification and notice in this FLSA collective action favor an increase in the benchmark percentage" for attorneys' fees.). This factor therefore supports the reasonableness of the requested attorneys' fees.

### 3. *The Skill Requisite to Perform the Legal Service Properly*

Wage and hour collective and class actions require a high degree of skill to litigate. Cases involving classes of Plaintiffs are especially complex and are time consuming and expensive to litigate. *See Kemp v. Unum Life Ins. Co. of Am.*, 14-CV-0944, 2015 U.S. Dist. LEXIS 166164, at *14–15 (E.D. La. Dec. 11, 2015) ("Class action litigation is inherently complex" and thus "inevitably costly in terms of both time and money."). Misclassification cases like this one are also inherently complex. *See Camp v. Progressive Corp.*, 01-CV-2680, 2004 U.S. Dist. LEXIS 19172,

at *27 (E.D. La. Sep. 23, 2004) (recognizing the complexity of litigation in a misclassification case). Class Counsel are skilled wage and hour litigators and FLSA specialists. Dunn Decl. ¶¶ 105-126. Counsel's expertise led to an early resolution, meaning that class members will be able to access funds under this settlement sooner.

### 4. *The Preclusion of Other Employment by the Attorney Due to Acceptance of the Case*

The time spent by Class Counsel on this case was at the expense of time they could have dedicated to other matters. Class Counsel is a small law firm with only eight full-time attorneys, and had to dedicate substantial resources to the prosecution of this case. Class Counsel also had to account for the possibility that they would need to dedicate even greater resources to prosecuting dozens of individual arbitrations if settlement was unsuccessful. This factor favors the reasonableness of the requested attorneys' fees.

### 5. *The Customary Fee*

As discussed in Part B above, the one-third recovery is well within the range of awards in similar cases in this circuit and district.

### 6. *Whether the Fee Is Fixed or Contingent*

Class Counsel took this case on a contingency basis, and Plaintiff agreed to the requested rate of one third. Dunn Decl. ¶ 93. As a result, Class Counsel "took on a substantial risk by agreeing to litigate this case because they incurred the upfront costs with no guarantee that their clients would ever receive an award from which they would take a cut." *See Jasso v. HC Carriers*, *LLC*, 5:20-CV-212, 2022 U.S. Dist. LEXIS 207043, at *18–19 (S.D. Tex. Oct. 19, 2022). Counsel "assumed the risk that they would not recover anything, and therefore not be paid for their work on the case." *Burnett v. CallCore Media, Inc.*, 4:21-CV-03176, 2024 U.S. Dist. LEXIS 112165, at *18 (S.D. Tex. June 25, 2024). The risk of "receiving little to no recovery is a major factor in

considering an award of attorneys' fees." *Schwartz v. TXU Corp.,* 3:02-CV-2243-K, 2005 U.S. Dist. LEXIS 27077 at *31 (N.D. Tex. Nov. 8, 2005). Moreover, the "separately-negotiated, agreed contingency fee" in the attorney fee agreement between the Named Plaintiff and Class Counsel provided for a fee of one-third of the recovery. Dunn Decl. ¶ 93; *See Plunkett*, 2024 U.S. Dist. LEXIS 224946, at *23. Further, Class Counsel assumes greater risk of non-payment because Sitemetric will pay 73% of the fees in two years, and after all Participating Plaintiffs receive their settlement checks. Given the risk assumed by Class Counsel in taking this case on a contingent basis, recovery of the negotiated one-third of the settlement amount is reasonable.

### 7. *Time Limitations Imposed by the Client or the Circumstances*

There were no significant limitations imposed by the client or the circumstances, and this factor has no bearing on the reasonableness of the attorneys' fees. *See Jasso*, 2022 U.S. Dist. LEXIS 207043, at *19 (finding this factor had "no effect on the award of attorney's fees" where plaintiff acknowledged "that class counsel faced no constraints of this sort").

### 8. *The Amount Involved and the Results Obtained*

In the Fifth Circuit, "the most critical factor in determining a fee award is the degree of success obtained." *Singer v. City of Waco*, Tex., 324 F.3d 813 (5th Cir. 2003) (cleaned up). Here, Class Counsel's efforts led to a highly successful result. Over 1,000 workers had the opportunity to participate in the settlement, and over 50% of the class is participating the in the settlement. The ████████ total settlement amount is a substantial recovery for Plaintiffs. Class Members will recover on average at least ██████ Dunn Decl. ¶ 77. Each Class Member's recovery is based on Sitemetric's wage and hour data, including each Class Member's pay rate and number of hours worked over 40 in a workweek. Dunn Decl. ¶ 79. Moreover, "counsel brought an earlier settlement of the case, allowing a meaningful cash award to Plaintiffs without the risk of protracted litigation."

*Plunkett*, 2024 U.S. Dist. LEXIS 224946, at *24. And pursuant to the Settlement Agreement, Sitemetric has reclassified its workers as employees, which will provide a substantial financial benefit to current and future employees, who will now receive overtime premium pay.

This recovery is substantial, especially in light of the significant procedural risks in this case. The Plaintiffs signed arbitration agreements, which Sitemetric would seek to enforce absent this settlement. Thus, absent this settlement, it is unlikely that Plaintiffs would recover any money from Sitemetric unless they filed individual claims in arbitration. And even if Plaintiffs were able to invalidate the arbitration agreements and proceed in Federal Court, Plaintiffs face the risk of never having the FLSA collective or the Rule 23 class certified.

Class Counsel delivered outstanding results for the Participating Plaintiffs in this case, and this factor favors the reasonableness of their requested fees.

### 9. The Experience, Reputation, and Ability of the Attorneys

Class Counsel are experienced wage and hour attorneys, and FLSA specialists. *See Jasso*, 2022 U.S. Dist. LEXIS 207043 at *19–20 (finding this factor supported the requested fee where "Class counsel consist entirely of FLSA specialists"). Courts throughout the nation recognize that Class Counsel has "the utmost skill and professionalism in effectively managing" complex class and collective wage-and-hour actions. *Bredbenner*, 2011 U.S. Dist. LEXIS 38663, at *20 (granting this Class Counsel's request for attorneys' fees and costs); *see also Brumley v. Camin Cargo Control, Inc.*, 08-CV-1798 (JLL), 2012 U.S. Dist. LEXIS 40599 (D.N.J. Mar. 26, 2012) ("Both this Court and other district courts around the country have recognized [Class Counsel's] experience and skill in prosecuting wage-and-hour class litigation."); *see Roseman v. Bloomberg L.P.*, 1:14-CV-02657 (DLC)(KNF) (S.D.N.Y. Oct. 15, 2018) ("The quality of representation for the class was excellent. It was a well litigated case and well-tried case at trial."); *see Amoko v.*

*N&C, et al.*, 3:20-CV-04346 (SAL), Dkt. 130 at 6 (D.S.C. Feb. 23, 2023) ("The court emphasizes the results obtained for Plaintiffs, the experience, reputation, and ability of the attorneys …" finding that the "generous outcome results from the experience, reputation, and abilities of Plaintiffs' Counsel"); Dunn Decl. ¶ 108 (collecting cases). Thus, Class Counsel's experience, reputation, and abilities support the requested attorneys' fees in this case.

### 10. The Undesirability of the Case

This case was undesirable because of the arbitration agreements signed by class members. Counsel began this case by filing individual claims in arbitration, and absent this settlement, may have had to litigate each claim individually in arbitration, expending considerable time and resources on each claim. Moreover, "[c]lass action cases often carry elevated risks, a requirement of lengthy investigation through informal discovery, and a possibility of no recovery, all of which speak to the undesirability of such a case." *King v. United SA Fed. Credit Union*, 744 F. Supp. 2d 607, 618 (W.D. Tex. 2010). This factor favors the requested fee award.

### 11. The Nature and Length of the Professional Relationship with the Client

Class Counsel's relationship with Plaintiff is limited to this particular representation, and this factor has no bearing on the reasonableness of the attorneys' fee. *See Jasso,* 2022 U.S. Dist. LEXIS 207043, at *20-21 (finding this factor had "no effect on the agreed-upon [] attorney's fee award" where "Class counsel's relationship with Plaintiff is limited to this particular representation").

### 12. Awards in Similar Cases

As discussed in Part B above, the one-third recovery is in line with, if not less than, awards in other FLSA and Rule 23 cases in this district.

### D.  The Lodestar Cross-Check Further Supports Class Counsel's Fee Request

Counsel's requested attorneys' fees of one-third of the settlement fund is also reasonable because it is slightly lower than Class Counsel's lodestar. The Court may cross-check its findings by analyzing the request under the lodestar method. *See*, *Plunkett*, 2024 U.S. Dist. LEXIS 224946, at *18.* "Under this method, the court takes the recorded hours worked by the attorneys and multiplies them by a reasonable hourly rate." *Id*. at *24–25. "When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is prima facie reasonable." *Islamic Ctr. v. Starkville*, 876 F.2d 465, 469 (5th Cir. 1989).

Here, Class Counsel's request for attorneys' fees and billing rates are uncontested. As of May 16, 2025, Class Counsel worked more than 1,250 hours on this case, resulting in ███████ in fees. Dunn. Decl. ¶¶ 128-29. In an effort to perform the work efficiently, Class Counsel minimized duplication of efforts as much as possible and maximized billing judgment. *Id.* ¶131. Following approval, Class Counsel will continue to perform work on this case throughout and after the final distribution of the Settlement, including addressing distribution issues and answering Class Members' questions. *Id.* ¶128. Class Counsel's Lodestar is higher than the requested fees of one-third of the settlement ███████, supporting the reasonableness of the requested fees.

The resulting multiplier also confirms the reasonableness of Class Counsel's fees. In this circuit, "[m]ultipliers ranging from one to four frequently are awarded in common fund cases when the lodestar method is applied." *In re Combustion, Inc.*, 968 F. Supp. 1116, 1133 (W.D. La. 1997). But, the multiplier can far exceed that number. *See Di Giacomo v. Plains All Am. Pipeline*, H-99-CV-4137, 2001 U.S. Dist. LEXIS 25532 (S.D. Tex. Dec. 19, 2001) (approving a multiplier of 5.3).

Here, Counsel's multiplier is less than 1. Counsel's fees in this case are reasonable, and should be approved.

## II.    CLASS COUNSEL'S REQUEST FOR REIMBURSEMENT OF LITIGATION EXPENSES SHOULD BE GRANTED

Class Counsel seeks reimbursement of ▮▮▮▮▮▮ in expenses incurred in prosecuting this litigation on behalf of the class. In addition, the costs of the settlement administration total $19,999. Dunn Decl. ¶ 133 (Summary of Costs). The FLSA requires an award of "costs of the action" in addition to any judgment and attorneys' fees. 29 U.S.C. § 216(b); *Plunkett,* 2024 U.S. Dist. LEXIS 224946, at *16*. "The appropriate analysis to apply in determining which expenses are compensable in a class action case is whether such costs are of the variety typically billed by attorneys to clients*." Odonnell v. Harris County*, H-16-1414, 2019 U.S. Dist. LEXIS 151159, at *76 (S.D. Tex. Sep. 5, 2019) (internal citation omitted).

Here, Class Counsel's request for reimbursement consists of routine litigation expenses that were necessary for the prosecution of the case. To date, Class Counsel has incurred $3212.03 in litigation costs that Counsel would typically bill to hourly fee-paying clients, including filing and service fees, pro hac vice applications; attorney admissions; and travel expenses (airfare, parking, and lodging). Dunn. Decl. ¶133; *see also Johnson v. Sw. Research Inst.,* 5:15-297, 2019 U.S. Dist. LEXIS 144244, at *24 (W.D. Tex. Aug. 23, 2019) (awarding expenses for, among other items, travel expenses, filing fees, and consultant fees); *Odonnell*, 2019 U.S. Dist. LEXIS 151159, at *76 (finding costs for filings and photocopies reasonable); *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 334 (W.D. Tex. 2007) (finding costs for filing fees, photocopies, mailing, and computerized legal research reasonable). The final settlement administration cost for this matter is $19,999, and will be paid to the Settlement Administrator, ILYM Group, Inc., from the Settlement

Amount. Dunn. Decl. ¶¶ 66, 134; ILYM Decl. ¶¶ 18, 20; S.A. ¶ II. Thus, the Court should approve the requested costs as reasonable.

### III.    THE REQUESTED SERVICE AWARD IS REASONABLE AND FAIR

In accordance with the Settlement Agreement, Class Counsel seeks a reasonable Service Award of $19,000—reduced from $25,000—for the Named Plaintiff in recognition of the risks she incurred and her dedication and commitment to the Class Members in placing the interests of the Classes above her own. As an initial matter, the Notice mailed to all Class Members informed them about the Service Award, including an amount greater than that requested here, and none of the Class Members objected to the requested Service Award. ILYM Decl. ¶¶ 14-15.

Federal courts, including in the Fifth Circuit, "consistently approve incentive awards in class action lawsuits to compensate named plaintiffs for the services they provide and burdens they shoulder during litigation." *Cook v. Flight Servs. & Sys.,* 2:16-CV-15759, 2019 U.S. Dist. LEXIS 99129, at *6 (E.D. La. June 13, 2019). When analyzing the propriety of a service award, courts in this district have considered: (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; 4) the duration of the litigation; and 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation. *Humphrey v. United Way of Tex. Gulf Coast*, 802 F. Supp. 2d 847, 869 (S.D. Tex. 2011). Other courts have considered "(1) actions the plaintiff took to protect the interests of the class; (2) the degree to which the class benefitted from those actions; and (3) the amount of time and effort the plaintiff expended in pursuing the litigation." *In re Heartland Payment Sys.,* 851 F. Supp. 2d 1040, 1089 (S.D. Tex. 2012).

Here, the Named Plaintiff has stepped forward and played a vital role in making this settlement possible for the Class Members, despite the risk of potential retaliation and injury to her reputation with future employers. Dunn Decl. ¶ 84. The Named Plaintiff performed a public service in bringing light to Sitemetric's pay practices, making this settlement possible for all Class Members and arbitrants. The Named Plaintiff was motivated to right the perceived wrongs that she and other Class Members suffered and took a courageous act by stepping forward and placing her names on the Amended Complaint. In doing so, the Named Plaintiff assumed a substantial risk to her future employment prospects, as this case will be publicly associated with her name for the rest of her life. *Id.* She also assumes a greater risk of nonpayment compared to those who settled in arbitration: Sitemetric already paid the arbitrants, but her payments will occur over 18 months. *Id.* ¶ 90. And 50% of her service payment will be issued in the third and last payment to the class members.

The Service Award should be awarded to the Named Plaintiff in recognition of her continuous commitment to the Class Members, including the time she dedicated prosecuting these claims. The Named Plaintiff helped Class Counsel investigate the claims, spending the time necessary for interviews with Class Counsel regarding Sitemetric's pay practices and her job responsibilities, and reviewing the pleadings. Dunn Decl. ¶¶ 83, 88. The Named Plaintiff stayed in communication with Class Counsel and assisted Class Counsel in preparing for the full-day mediation in April and September 2024, and remained involved in the continued negotiations. Dunn Decl. ¶ 89; *see Lee v. Metrocare Servs.*, 3:13-CV-2349-O, 2015 U.S. Dist. LEXIS 194001, at *10 (N.D. Tex. July 1, 2015) ("Courts have awarded incentive payments to class representatives to compensate them for activities including participation in the settlement process[.]") Given that the other Class Members did not provide similar services litigating this case, the significant

16

personal time and effort that the Named Plaintiff expended to make this Settlement possible should be recognized.

Moreover, the Named Plaintiff's recovery under the settlement is approximately $684, significantly less than the average ███ award. Dunn Decl. ¶ 91. Without the Service Award, the Named Plaintiff will have taken on these additional responsibilities and risks to recover less than the average Class Member's individual recovery under the Settlement. *Id.* The Named Plaintiff's maximum recovery in arbitration was $6,203, but she agreed to forgo these larger claims in arbitration and settle her claims at a discount in the best interest of the class. *Id.* ¶ 90.

Finally, the amount of the requested Service Award is reasonable and comparable to awards that are typically approved in this Circuit. While there is no ceiling on service awards in the Fifth Circuit, caselaw within the circuit suggests that 1% is considered a reasonable upper benchmark. *Lee*, 2015 U.S. Dist. LEXIS 194001, at *10 (collecting cases). Since "the size of the common fund is a reflection of the degree to which the class has benefitted from the service of the representatives, it is sensible to consider the size of the common fund when evaluating the fairness and reasonableness of the service awards." *Id.* at *25. Courts have reduced awards that vastly exceed the 1% benchmark. *See, e.g., Roberts v. Baptist Healthcare Sys.*, LLC, 1:20-CV-00092-MAC, 2023 U.S. Dist. LEXIS 126913, at *20 (E.D. Tex. June 29, 2023) (reducing service awards of $30,000 that "would represent 28% of the gross settlement amount").

Here, the $19,000 proposed for Service Award represents approximately ██ of the global settlement fund of ██████ and less than ██ of the settlement fund for federal court, both within the accepted range in this Circuit. The global settlement in both arbitration and federal court would not have been possible without her willingness to serve as the Named Plaintiff in the federal action. And the total value of the Settlement is significantly greater, as Sitemetric has agreed to reclassify

17

its workers as employees going forward, providing an ongoing substantial financial benefit to all of Sitemetric's current and future employees. Further, Sitemetric now pays its employees overtime wages when they work more than 40 hours in a workweek, thus conferring a greater financial benefit to the class. In other FLSA cases, Courts in this District have approved Service Awards that amount to a similar percentage of the Settlement Fund. *See Shaw v. CAS, Inc.*, 5:17-CV-142, 2018 U.S. Dist. LEXIS 136394, at *4 (S.D. Tex. Jan. 31, 2018) (approving a total of $30,000 in service awards on $2.2 million settlement (1.3%); *Valdez v. Superior Energy Servs. Inc.*, 2:15-CV-00144, 2019 U.S. Dist. LEXIS 248904, at *3 (S.D. Tex. Nov. 7, 2019), aff'd, 20-CV-40182, 2022 U.S. App. LEXIS 10839 (5th Cir. Apr. 21, 2022) (approving a service award of $15,000 of a $1.5 million settlement (1%)). Thus, the Service Award is fair and reasonable and should be approved.

## CONCLUSION

For the foregoing reasons, Class Counsel respectfully requests the Court approve as fair Class Counsel's requested attorneys' fees and reimbursement of costs and approve the requested Service Award to the Named Plaintiff.

Dated: June 6, 2025

Respectfully Submitted,

*s/Matt Dunn*_____
Matt Dunn
Whitney Flanagan
Getman, Sweeney & Dunn, PLLC
260 Fair Street
Kingston, NY 12401
Phone: (845) 255-9370
Fax: (845) 255-8649
mdunn@getmansweeney.com
wflanagan@getmansweeney.com

*Attorneys for Plaintiffs*

18

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.


*s/Matt Dunn*
Matt Dunn