United States District Court
Southern District of Texas
**ENTERED**
June 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| QUAWNTINA GREENE, individually and on behalf of all other similarly situated persons, § § § § Plaintiffs, § § vs. § § SITEMETRIC, LLC § § Defendant. § § | Case No. 4:24-CV-02326 |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS COUNSEL'S FEES AND COSTS AND SERVICE AWARD

WHEREAS, the above-captioned matter comes before the Court on the Plaintiffs' Unopposed Motion for Final Approval of Class Settlement and Dismissal (Motion for Final Approval") (Docket Nos. 20, 26) and Plaintiffs' Motion for Final Approval of Class Counsel's Fees and Costs and Service Awards ("Fees Motion") (Docket Nos. 21, 27), which Defendant Sitemetric, LLC ("Defendant" or "Sitemetric") does not oppose;

WHEREAS, on June 20, 2024, the Named Plaintiff filed a Class and Collective Action Complaint in the above-captioned action (the "Litigation"), asserting claims against Sitemetric under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Wage and Hour Laws of Ohio, Oregon, Virginia, and Washington, alleging that Sitemetric misclassified its employees as independent contractors and thus failed to pay premium overtime premium pay to Named Plaintiff and others similarly situated;

WHEREAS, on January 17, 2025, the Named Plaintiff and Sitemetric (collectively referred to as the "Parties") entered into the final Settlement Agreement (the "Agreement"), which resolves all claims asserted in the Litigation;

1

WHEREAS, on February 14, 2025, Plaintiffs moved for preliminary approval of the Agreement;

WHEREAS, on February 25, 2025, the Court granted preliminary approval of the Agreement, certified the State Law Class under Rule 23 of the Federal Rules of Civil Procedure for the purposes of settlement, granted provisional certification of the FLSA collective under 29 U.S.C. § 216(b), appointed Plaintiffs' attorneys as Class Counsel, appointed the Named Plaintiff as Class Representative, approved the forms of the Notice of Class and Collective Action Settlement ("Class Notice"), authorized the mailing of the Class Notice to the Class and Collective Members, set dates for Class and Collective Members to opt out of and/or object to the Settlement Agreement, and scheduled a Final Approval Hearing;

WHEREAS, the Parties received two objections from the Class and Collective Members following the distribution of the Class Notice;

WHEREAS, on June 17, 2025, the Court held a Fairness Hearing at which it considered the Settlement and heard arguments from Class Counsel and Sitemetric's Counsel;

NOW, THEREFORE, IT HEREBY IS ORDERED, upon consideration of the Plaintiffs' Unopposed Motion for Final Approval, the supporting brief and declarations, arguments presented at the fairness hearing on June 17, 2025, and the complete record in this matter, for good cause shown, that:

1. Except as otherwise specified herein, for purposes of this Order, the Court adopts the definitions of all capitalized terms used herein as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court confirms as final its certification of the Rule 23 State Law Class for settlement purposes based on its findings in the Preliminary Approval Order and the lack of objections from Class Members to such certification.

4. Pursuant to 29 U.S.C. § 216(b), the Court confirms as final its certification of the FLSA Collective for settlement purposes based on its findings in the Preliminary Approval and the lack of objections from Collective Members to such certification.

5. The Court confirms the appointment of Named Plaintiff Quawntina Greene as representative of the Class.

6. The Court likewise confirms as final the appointment of Getman, Sweeney & Dunn, PLLC as Class Counsel.

7. The Class Notice issued pursuant to this Court's February 25, 2025 Order, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution and any other applicable law.

8. The Court grants final approval of the Agreement. The Court finds that the Settlement, including the settlement of FLSA claims, is fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23(e)(2) in all respects and that it is binding on Class Members and Participating Plaintiffs. The Court specifically finds that the Class Representative and Class Counsel have adequately represented the Class, and that the Settlement is rationally related to the strength of the claims in this case given the risk, expense, complexity, and duration of further litigation. The Court also finds that the Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the Parties, after thorough factual and

legal investigation. The Court also finds that the Settlement is a reasonable resolution of a bona fide dispute.

9. The Court finds that the relief provided to the Participating Plaintiffs and the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Participating Plaintiffs are fair, reasonable, and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

10. The Court has reviewed the Individual Release for the Named Plaintiff and finds it to be fair, reasonable, and enforceable under the FLSA and all applicable law.

11. The Court approves of the release of the Released Claims, as defined in the Agreement in Section VI, and the release of attorneys' fees and costs in Section IV of the Agreement, all of which shall be binding on all Participating Plaintiffs. The Court has reviewed the documents referenced above and finds all of these releases to be fair, reasonable, and enforceable under the FLSA and Federal Rule of Civil Procedure 23 and all other applicable law.

12. The Parties and Settlement Administrator shall proceed with the administration of the Settlement in accordance with the terms of the Agreement.

13. This entire case is dismissed in its entirety with prejudice as to all Class Members and Participating Plaintiffs. This Final Order shall bind and have res judicata effect with respect to the claims of the Named Plaintiff, Class Members, and Participating Plaintiffs.

14. By operation of the entry of this Order and the Judgment, all Released Claims are fully, finally, and forever released, relinquished and discharged, pursuant to the terms of the

release set forth in Section V(A), V(B), and VI of the Agreement, as to the Named Plaintiff, Sitemetric, and all Class Members and Participating Plaintiffs.

15. Without affecting the finality of this Order, the Court will retain jurisdiction over the Litigation and Settlement after Final Approval solely for purposes of (i) enforcing the Agreement, (ii) addressing settlement administration disputes, and (iii) addressing such post-judgment matters as may be appropriate under Court rules or applicable law. The Parties shall abide by all terms of the Agreement and this Order.

FURTHERMORE, IT IS HEREBY ORDERED, upon consideration of Plaintiffs' Fees Motion, that:

16. The Court approves the requested Service Award to the Named Plaintiff of $19,000. The Service Award is in addition to the amount the Named Plaintiff will otherwise be eligible to receive as her share of the recovery and shall be paid from the Settlement Amount. The Service Award is to compensate the Named Plaintiffs for the time and effort expended in assisting in the prosecution of the Litigation and the ultimate recovery, for the burdens and risks she bore on behalf of the class, and for her efforts in conferring a benefit on the passive class.

17. The Court approves an award of attorneys' fees in the amount of $685,289.23 to be paid from the Settlement Amount. Such award is reasonable in light of the effort expended and risks undertaken by Class Counsel, and the results of such efforts, including the ultimate recovery obtained.

18. The Court also awards Class Counsel reimbursement of Litigation expenses in the amount of $2,355.00 and awards $19,999 to ILYM for settlement administration costs, both to be paid from the Settlement Fund.

SIGNED on this 17th day of June 2025.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE